JOHN J. DIOS, PLAINTIFF-RESPONDENT, v. STEPHEN Y. RONNIE, CLERK OF THE TOWNSHIP OF MAPLEWOOD, AND NICHOLAS V. CAPUTO, ESSEX COUNTY CLERK, DEFENDANTS-RESPONDENTS, AND VICTOR J. DeVINNY, WILLIAM J. GRADY, MORTIMER KATZ, WILLIAM F. O'CONNOR, AND LOUIS D. STRATTON, INTERVENORS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1962—Decided October 11, 1962.

Before Judges PRICE, SULLIVAN and LEWIS.

*Mr. Marshall Crowley* argued the cause for intervenors-appellants.

*Mr. Louis J. Nitti* argued the cause for plaintiff-respondent (*Messrs. Addonizio, Sisselman, Nitti & Gordon,* attorneys).

*Mr. Albert Poll* appeared for respondent Nicholas V. Caputo, Essex County Clerk (*Mr. Nicholas T. Fernicola,* Essex County Counsel, attorney).

The opinion of the court was delivered by

SULLIVAN, J. A. D. This appeal involves the interpretation of certain provisions of the Optional Municipal Charter Law, *N. J. S. A.* 40:69A–1 *et seq.,* commonly known as the Faulkner Act.

The Faulkner Act was enacted in 1950 (*L.* 1950, *c.* 210), and was designed to bring about much needed reforms in the field of municipal government. The act provides that whenever authorized by ordinance of the governing body or upon petition of the registered voters of any municipality, an election shall be held in the municipality upon the question whether a charter commission should be elected to study the charter of the municipality and to consider a new charter or improvements in the present charter and to make recommendations thereon.

In the instant case the Township Committee of the Township of Maplewood has by ordinance authorized such an election to be held at the general election on Tuesday, November 6, 1962.

Section 2 of the act (*N. J. S. A.* 40:69A–2) provides as follows:

"A charter commission of five members shall be elected by the qualified voters at the same time as the public question is submitted. Duly nominated candidates for the office of charter commissioner shall be placed upon the ballot containing the public question in the same manner as is provided by law for candidates nominated by petition for other offices elective by the people of a single municipality, except that they shall be listed without any designation or slogan. Each voter shall be instructed to vote on the question and, regardless of the manner of his vote on the question, to vote for five members of a charter commission who shall serve if the question is determined in the affirmative."

It is this section of the act, and in particular the language that candidates "shall be listed without any designation or slogan," that has given rise to the present suit.

Pursuant to section 3 of the act (*N. J. S. A.* 40:69A–3) two nominating petitions were filed with the municipal clerk. One of the petitions nominated five candidates for the charter commission. Appellants are the candidates nominated in said petition. At the time said petition was filed, a letter signed by appellants and requesting that their names be bracketed on the ballot was delivered to the municipal clerk. The other petition nominated four candidates, of whom plaintiff is one. These candidates, by letter, requested the clerk not to bracket their names on the ballot.

A drawing for ballot position was held on September 17, 1962, at which time the clerk placed five cards in the box. One card contained the names of the five appellants. Each of the other four candidates, including plaintiff, had a separate card with his individual name on it. Plaintiff, who was present, made formal objection to the manner of drawing. However, the clerk conducted it in the manner above recited. It is undisputed that appellants were to be bracketed on the ballot in whatever position was drawn for them.

Plaintiff filed the instant suit charging that the bracketing of appellants for the purpose of the drawing and the listing of the candidates on the ballot was illegal in that

*N. J. S. A.* 40:69A–2 specifically prohibits the listing of candidates for the charter commission on the ballot with a designation or slogan. Plaintiff demanded that the drawing of September 17, 1962 be voided, and that a new drawing without bracketing of any of the candidates be ordered.

The original suit was brought against the Clerk of the Township of Maplewood and the Clerk of Essex County. However, on the return of the order to show cause, the trial court directed that notice be given to each of the candidates for the charter commission. On the adjourned return date one of appellants appeared *pro se.* After hearing argument, the trial court ruled that the bracketing of candidates for the office of charter commission was illegal. An order, dated September 29, 1962, was entered voiding the September 17, 1962 drawing, directing that a new drawing "consisting of nine cards" be held, and directing the county clerk not to print ballots for the Township of Maplewood until the new drawing had been held and the results certified to him.

On October 1, 1962 appellants formally applied for intervention in the cause for the purpose of appeal and for a stay pending appeal. The application was granted subject to the condition that the appeal be prosecuted forthwith.

The issue is easily stated. Does section 2 of the Faulkner Act (*N. J. S. A.* 40:69A–2) prohibit the bracketing of candidates for the charter commission on the drawing for ballot position and on the ballot?

On this appeal appellants contend that section 2 of the Faulkner Act contemplates the bracketing of candidates for the charter commission. In making this argument appellants rely on the language in section 2 that "candidates for the office of charter commissioner shall be placed upon the ballot * * * in the same manner as is provided by law for candidates nominated by petition for other offices elective by the people * * *." Appellants then refer to provisions in the general election laws, specifically *N. J. S. A.* 19:14, sections 10 and 12, to demonstrate that candidates nominated by petition for elective office may be grouped and

bracketed in the drawing for position on the ballot and on the ballot.

This argument, however, does not meet the real issue.

■ We find that bracketing is contrary to the provisions of section 2 of the Faulkner Act. The language of the statute is that candidates "shall be listed without any designation or slogan." Bracketing is a form of designation. It groups certain of the candidates on the ballot under a mark or symbol which distinguishes them from the other candidates. Manifestly, bracketed candidates seek an advantage which they would not otherwise have. This, we conclude, is contrary to the express language of the statute.

We are fortified in our conclusion by a consideration of the *Final Report of the Commission on Municipal Government* (Faulkner Commission). A history of the Commission, its work, and the results achieved are set forth in *Bucino v. Malone,* 12 *N. J.* 330, 334–336 (1953). Suffice it to say that the Faulkner Act (*N. J. S. A.* 40:69A–1 *et seq.*) stems from the Commission report.

Section 2 of the act, as proposed by the Commission in its report, is identical with section 2 of the act as finally enacted into law. As to this section the "Comment" of the Commission as set forth in its report is as follows.

"The device of voting on the question, and also for members of the commission if the question carries, was successfully used at the June 3, 1947, referendum on the Constitutional Convention. The above text does not contemplate the use of slogans or the device of bracketing. These devices are associated with partisanship whereas the whole purpose of the charter commission is to provide an orderly and fresh approach to the local charter by a non-partisan group. The members of such a commission should necessarily be chosen without regard to political affiliation and without being bound to any preconceived notions of charter reform."

■ We recognize that a court is limited to the legislative intent as expressed in the law itself. However, we find in the Commission report, *supra,* strong confirmation for our construction of the words "without any designation or

slogan" as used in section 2 of the law. *Cf. State v. Newton,* 17 *N. J.* 271, 276 (1955).

We also note that section 155 of the Faulkner Act (*N. J. S. A.* 40:69A–155), which deals with an election in a municipality operating under the Faulkner Act, specifically permits candidates to use designations and to be bracketed on the ballot. True, the law uses the words "designation" and "bracket" separately. Yet, the overall purpose is clear. In electing the charter commission which is to study the existing charter, consider a new charter or improvement in the present charter, the act contemplates a body which will bring independent thinking and complete nonpartisanship to the study. However, where a municipality is operating under one of the optional forms of municipal government contained in the Faulkner Act, section 155 recognizes the propriety of allowing a candidate to indicate on the ballot an official act or policy to which he is pledged or committed and to group his name with those of other candidates for the same office.

In view of our ruling we find it unnecessary to consider the remaining points argued on appeal including respondent's contention that, in any event, the bracketing had not been requested according to law.

Affirmed.